### EX PARTE CLYDE WHATLEY.

No. 21072. Delivered April 3, 1940.
Rehearing Denied May 15, 1940.

The opinion states the case.

*B. F. Whitworth,* of Linden, *T. D. Rowell, Sr.,* of Jefferson, and *Carney & Carney,* of Atlanta for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was charged by complaint in Justice Court, Precinct No. 3 of Marion County, with the murder of E. R. Todd who was the constable of said precinct. Upon an examining trial the Justice of the Peace remanded appellant without bail. A writ of habeas corpus was then issued by the District Judge of the 76th Judicial District, and after a hearing thereunder appellant was remanded without bail, from which order this appeal is prosecuted.

On the day preceding the killing appellant took Mrs. Haywood Fason in his car to visit one of her sick relatives. Deceased advised against Mrs. Fason making the trip with appellant. When Mr. Fason learned that his wife had gone with appellant he (Fason) became very angry, and after the parties returned appellant stayed away where Fason could not find him. The next morning appellant—armed with a pistol—went to the neighborhood store where he found Fason, spoke to him in a friendly manner, and asked him to go out and talk over the matter. Appellant assured Fason that he meant no harm in taking his wife to see her relatives, and was told by Fason they would forget it, but not to let it happen again. While appellant and Fason were talking deceased walked up to where they were and the killing occurred a very few minutes later. The evidence does not indicate that appellant was expecting danger from deceased, but had reason to apprehend trouble with Fason based on the latter's conduct the night before.

This case as it now appears from the record on this appeal turns on the sharp issue as to what occurred when deceased

walked up to appellant and Fason, and as to whether appellant or deceased made the first hostile gesture towards the other. Deceased had his pistol in a loose scabbard under his shirt. After the shooting the pistol, still in the scabbard, was lying near deceased's hand.

We think it not advisable to undertake any detailed statement of the evidence pro and con on the pivotal issue suggested, but from a careful review of all the testimony brought forward it occurs to us that appellant should be granted bail under the previous holdings of this court. See Branch's Ann. Tex. P. C., Sec. 224; See 5 Tex. Jur., page 817. The principles controlling are so well known no necessity arises for again restating them.

The judgment denying bail is reversed and bail is hereby granted in the sum of $10,000.00.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

The county attorney of Marion County has filed a motion herein on behalf of the State containing some matters outside the record which we can not consider.

We do, however, assert that the Ross and Good cases, 251 S. W. 233, 234 and 235, lay down correct propositions of law in matters relative to bail in capital cases. In those cases we held: "We call attention only to the proposition that merely because there may be some conflict in the evidence, or because of the presence of some testimony raising a defensive issue does not necessarily entitle an accused to bail. Ex parte Smith, 23 Tex. App. 100, 5 S. W. 99; Ex parte Jones, 31 Texas Cr. R. 422, 20 S. W. 983."

We do not think that this statement necessarily means that because there is a question raised only by the testimony of the person requesting bail, and the remaining testimony being void of any defensive matter, that the interested person's testimony should be disregarded. Instead we think that all the testimony should be taken and digested for what it might seem to be worth. Thus believing, and after again reviewing the testimony in its entirety, we are impressed with the correctness of the original opinion herein, and the motion is overruled.